FILED

APR 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NZIMBA ISABEL LUTANDO MARQUES, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71689 <br><br> Agency No. A098-929-537 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 17, 2013
San Francisco, California

Before: KOZINSKI, Chief Judge, GRABER and CHRISTEN, Circuit Judges.

Nzimba Isabel Lutando Marques, a native and citizen of Angola, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") affirming

the immigration judge's ("IJ") denial of asylum and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny Marques's petition.

Substantial evidence supports the BIA's and IJ's determination that Marques did not establish an objectively reasonable fear of future persecution. Marques did not show that hostility against Mana Church leaders was widespread or directed at Marques. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). The IJ properly considered State Department reports on country conditions. *See Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010) (noting that country reports "are often the most appropriate and perhaps the best resource for information on political situations in foreign nations" (internal quotation marks omitted)). Where those country reports predated the alleged persecution, the IJ properly provided an opportunity for Marques to supplement the record with additional corroborating evidence. 8 U.S.C. § 1158(b)(1)(B)(ii). In considering Marques's claims for asylum and withholding of removal on the basis of religious persecution, the IJ and BIA were not required to weigh wholly unrelated acts of alleged persecution. The case Marques cites, *Parussimova v. Mukasey*, 555 F.3d 734, 739-41 (9th Cir. 2009) recognizes only that a persecutor may act with multiple motives, not that unrelated acts may be aggregated to show an objectively reasonable fear of future persecution.

2

The BIA also did not err in denying Marques's application for CAT relief. Torture can consist of "prolonged mental harm" caused by the "threat of imminent death," 8 C.F.R. § 208.18(a)(4), but unfulfilled threats may constitute mere harassment, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). It was not error for the BIA and IJ to conclude that Marques failed to establish that she more likely than not would be tortured with government acquiescence. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

Marques's petition for review is DENIED.